IN RE BISHOP.

Division B.   Apr. 23, 1951.

No. 37937   (52 So. (2d) 18)

E. B. Todd and R. H. & J. H. Thompson, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for the State.

Roberds, P. J.

This case involves the power of a circuit judge to remove a deputy sheriff from office without notice.

The Circuit Judge of Copiah County entered an order, reciting that it had come to his attention that Bishop was interested, as a partner, in buying and leasing juke boxes and pinball machines, placed "in various portions of the County, some of which the court is advised is placed with parties who have Federal licenses to sell intoxicating liquors and are selling same" and that, also through such partnership, Bishop was engaged in repairing slot machines in that County, dividing between himself and his partner the money accumulated in said machines from their operation. From this the circuit judge concluded

that the public interest would be subserved by the removal of Bishop as a deputy sheriff, and, by the same order, removed him.

No notice was given Bishop of this contemplated action; no testimony was taken. The order recited these alleged facts had "come to the attention of the Court". That was the sole foundation for executing the order. Was Bishop entitled to notice of these charges and an opportunity to offer evidence upon them? That question has not been decided by this Court. It has given us much concern. We are confronted, on the one hand, with the right of an individual to have an opportunity to meet charges made against him, and, on the other, with our duty to uphold the dignity and authority of the courts, and their efficient and orderly administration of justice.

The only authority for the removal of a deputy sheriff by a circuit court is found in Section 4235, Code 1942. That section authorizes all sheriffs to appoint deputies "and to remove them at pleasure". It further provides "The circuit court shall have power to remove such deputies and also bailiffs, whenever in its opinion the public interest will be subserved thereby." ██ ██ While not expressly so stated, we think this section necessarily implies that there must be some cause, or ground,—some fact—underlying the removal, and that such fact must have a direct bearing upon the kind of service the deputy is supposed to render to the public and the court—in other words a removal for cause. The learned trial judge recognized that. He accepted as facts the information which had been communicated to him, and adjudged that these facts were sufficient to affect adversely the public service. All the cases seem to hold that ██ ██ where the removal can only be for cause, the officer has a right to notice and an opportunity to disprove the charges. In Ekern v. McGovern, 154 Wis. 157, 142 N. W. 595, 46 L. R. A., N. S., 796, the statute authorized the Governor to appoint the officer, with the advice and consent of the senate, and to remove him for misconduct or neglect of

duty upon proof satisfactory to the Governor. The Court held that the appointee was entitled to notice and a hearing. In Rutter v. Burke, 89 Vt. 14, 93 A. 842, 848, the city council had the power to remove appointees for such incapacity, negligence or bad conduct "as to it shall seem sufficient." The Court held that the removal could only be for cause, and hence the necessity of notice and a hearing were implied. In Pratt v. Board of Police & Fire Commissioners, 15 Utah 1, 49 P. 747, 748, a statute authorized the board of police and fire commissioners "at any time for good cause or when the good of the service will be subserved thereby, upon the concurrence of three members thereof, to suspend without pay or dismiss the chief or captain of police, the chief or assistant engineer, or any subordinate officer, member or employee of either department." The Court held the appointee entitled to notice and a hearing. Under a statute authorizing tobacco commissioners to appoint inspectors and to remove them "at pleasure" for neglect of duty, etc., the Court held the appointee was entitled to notice and a hearing. In the summary of the cases, the annotator in 99 A. L. R. at page 354 used this language "The circumstance that an officer can only be removed for cause ordinarily gives rise to a strong inference that some sort of a hearing must be accorded him and that he is entitled to reasonable notice thereof." The following authorities deal with this subject and its related aspects: 67 C. J. S., Officers, Sec. 61; Biggs v. McBride, 17 Or. 640, 21 P. 878, 5 L. R. A. 115; Ham v. Boston Board of Police, 142 Mass. 90, 7 N. E. 540; State ex rel. Ragsdale v. Walker, 68 Mo. App. 110; State ex rel. Lamar v. Johnson, 30 Fla. 433, 11 So. 845, 18 L. R. A. 410; Anno. 99 A. L. R. 353.

They disclose that the power of removal at pleasure and without a hearing is much greater in the appointing agency than in the removing agency not having the power of appointment. That is illustrated in this case. Section 4235, Code 1942, confers upon every sheriff the power to appoint his deputies. The law in this State

does not provide for approval by the court or judge of such appointments. The courts have nothing to do with that. ██ █ Also, it is noted said statute vests in the sheriffs who appoint the deputies the power to remove them "at pleasure". Such power is appropriate and necessary. Deputies act in the names of the sheriffs, and sheriffs are liable for the acts of their deputies. But that is not true as between deputy sheriffs and the courts; therefore, the statute, instead of conferring power upon the courts to remove such deputies "at pleasure", as in the case of sheriffs, provides the court can remove them ". . . whenever in its opinion the public interest will be subserved thereby." Had the Legislature intended that the power of the court for removal should be "at pleasure", it could easily have said so. The fact that it did not do so—that it used different language in vesting the power—is evidence that the power of the court is not the same as that of the sheriffs.

It should be kept in mind that we are not here dealing with acts and conduct of the deputy in the presence of the court. The assumed acts and connections of Bishop, upon which his removal was grounded, grow out of a supposed partnership, or business connection, entirely outside of the courtroom, or the presence of the trial judge. If this were a contempt proceeding, or if it involved conduct in the presence of the court, we would have an entirely different question.

We believe the result we have reached preserves the rights of the individual and yet maintains the power of the courts and their orderly and efficient administration of justice. But, it being a new question, we think we should outline somewhat the procedure for future guidance in such cases.

1. While the charge can be made by the circuit judge, it would be more appropriate for the county, or district, attorney, or some official acting for the State, to do so, and let such charges be heard by the trial judge.

2. In case the charges are upheld and removal is ordered, an appeal can be granted with or without supersedeas in the discretion of the judge granting the apcal.

3. On the appeal, this Court would be very liberal in upholding the finding of fact and the causal connection of that fact bearing upon the efficient service of the deputy as might be adjudicated by the trial judge.

Reversed and remanded.