Gloria JOHNSON, et al.,
Plaintiffs–Appellants,

v.

The SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER, et al., Defendants–Appellees.

No. 88–4607.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1989.

Rehearing Denied Aug. 3, 1989.

---

Shirley Payne and Dennis L. Horn, Jackson, Miss., for plaintiffs-appellants.

Miller, Milam & Moeller, Armin J. Moeller, Jr., James W. Snider, Jackson, Miss., Robert W. Brumfield, and Brumfield & Austin, McComb, Miss., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY and POLITZ, Circuit Judges.

REAVLEY, Circuit Judge:

The appellants, fifteen former employees of the Southwest Mississippi Regional Medical Center (Southwest), a community hospital organized and operated under state law, brought this action against the

hospital claiming that Southwest had terminated their employment without due process of law. The district court held that the employees had no property interest in their jobs and granted a summary judgment for Southwest. We affirm.

The Due Process Clause of the Fourteenth Amendment requires notice and a hearing before termination from public employment only if such termination would infringe a liberty or property interest. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment. That claim of entitlement, however, must be determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *see Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. A claim of entitlement to job tenure may be created directly by state statute or by a written contract, or by a "mutually explicit understanding" enforceable under state law as an implied contract. *See Perry v. Sindermann*, 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972).

The appellants in this case claim that both the statutes governing public hospitals in Mississippi and their contracts of employment, as set out in Southwest's employee handbook, grant them a property interest in their continued employment. The statute in force at the time these employees were terminated provided that public hospitals "shall have full power and authority to promulgate and adopt suitable staff and hospital rules and regulations, to employ such personnel as may be necessary to properly maintain and operate such hospital, and to establish employee salaries and other employment benefits as may be advisable to attract and retain proficient personnel." Miss.Code Ann. § 41–13–35 (1981) (amended 1985). This court has already interpreted that statute and held that it provides neither that employees at public hospitals in Mississippi are terminable at will nor that such employees are termina-

ble only for cause; rather the statute governing community hospitals is "indisputably neutral." *Conley v. Board of Trustees of Grenada County Hosp.*, 707 F.2d 175, 179 (5th Cir.1983). The statute allows each hospital to make its own choice as to whether or not its employees will have a property interest in their continued employment. *Id.* at 180.

Two months after the appellants were terminated, however, extensive revisions of the statutes governing community hospitals in Mississippi became effective. Under the new statutes, public hospitals are given the power "to provide for contracts of employment or contracts for services and ownership of property on terms that will protect the public interest." Miss.Code Ann. § 41–13–35(5)(n) (Supp.1988). Furthermore, under the new statutory scheme, the administrator of the community hospital is given the power "to employ and discharge employees, as needed for the efficient performance of the business of the community hospital and prescribe their duties." Miss.Code Ann. § 41–13–36 (Supp.1988). The appellants argue that the qualifying language added to the statutes restricts the power of community hospitals to terminate their employees and bestows a property interest on such employees. *See, e.g., In re Bishop*, 211 Miss. 518, 52 So.2d 18, 19–20 (1951) (holding that statute providing the power to remove deputy sheriffs when "the public interest will be served thereby" allows removal only for cause); *see also McDonald v. Mims*, 577 F.2d 951, 952–53 (5th Cir.1978) (holding that a Mississippi statute providing that employees could be terminated only for cause establishes a property interest under the Fourteenth Amendment). The appellants argue that the new statute governs this case because of the well established rule of statutory construction in Mississippi that, when a cause of action is created solely by statute and that statute is amended by the legislature, the courts are to treat the statute as if it had always existed as amended and must apply the statute as it exists at trial, regardless of whether the amendment was effective at the time the action arose. *See State ex rel. Pittman v. Ladner*, 512

So.2d 1271, 1275 (Miss.1987); *Stone v. Independent Linen Serv. Co.*, 212 Miss. 580, 55 So.2d 165, 168 (1951); *Stone v. McKay Plumbing Co.*, 200 Miss. 792, 26 So.2d 349, 350 (1946); *Deposit Guaranty Bank & Trust Co. v. Williams*, 193 Miss. 432, 9 So.2d 638, 639 (1942).

■ There may be merit in the appellants' contention that the new law creates a property interest by tying the hospital's power to hire and fire employees to promotion of the public interest and to promotion of hospital efficiency. *Cf. Roth,* 408 U.S. at 566, 92 S.Ct. at 2703 (noting that contract providing for continued employment "during efficiency and good behavior" creates a property interest); *Russell v. Harrison,* 736 F.2d 283, 287 (5th Cir.1984) (holding that contract providing the power to terminate employment "for malfeasance, inefficiency or contumacious conduct" by the employee created a property interest); *Sartin v. City of Columbus Utilities Commission,* 421 F.Supp. 393, 397–98 (N.D.Miss.1976), *aff'd,* 573 F.2d 84 (5th Cir.1978) (holding that Mississippi statute and city ordinance providing employer the right to discharge employees "found inefficient or for other good cause" creates a property interest). We do not decide that issue in this case, however, because we hold that any property interest created by the new statute was not effective at the time these employees were discharged. Although the property interest in public employment is created by state law, neither the right to due process nor the 42 U.S.C. § 1983 remedy for violation of that right is a creature of state law; therefore, the principle of Mississippi law that amendments to statutory remedies must be applied retroactively is simply inapposite in this case. A public employer violates the Due Process Clause by discharging an employee without notice and hearing only if that employee has a property interest in continued employment at the time he is discharged. A state legislature certainly may confer retroactively job tenure to public employees. Such an act, however, has no bearing on whether public employers violated the Due Process Clause in terminating the employment of public employees prior to the time that such a statute takes effect. Our decision on this issue is controlled by *Conley,* 707 F.2d at 179–80, and we hold that the appellants had no property interest in their continued employment by virtue of § 41–13–35 of the Mississippi Code.

■ In *Conley* we held that community hospital employees did have a property interest in their continued employment based on the employee guidebook issued by that hospital, which limited discharges to specified causes. *See* 707 F.2d at 179–81. The appellants urged that the employee handbook issued by Southwest similarly creates a property interest. Our determination of whether the employee handbook creates a property interest must be based upon a reading of the handbook in its entirety. *See United Steelworkers of America v. University of Alabama,* 599 F.2d 56, 60 (5th Cir.1979).

■ The *Southwest Mississippi Regional Medical Center Employee Handbook* in effect at the time these employees were terminated notes at the outset that the handbook states the policies and procedures of the hospital as well as the employees' benefits and responsibilities. The handbook states that its purpose is to inform the employee of her opportunities, benefits, rights and duties and that the purpose of the personnel policies at the hospital is to attract, contribute to, and retain employees. The handbook enumerates 32 specific types of violations of hospital rules which may result in discipline or discharge. The handbook sets out a formal disciplinary procedure, a formal employee grievance procedure, and formal termination procedures, including a mandatory exit interview for the purpose of making sure that "the reason for the employee's termination is not based on some misunderstanding or condition which could be remedied by either the Medical Center or the worker." The appellants note the similarity between the provisions of Southwest's handbook and the employee guidebook in *Conley* and argue that the provisions and the structure of the handbook limits discharge of Southwest employees to

the specified causes. What rights the Southwest employee handbook gives to the employees with one hand, however, it takes away with the other. Immediately after declaring the purpose of the handbook is to retain employees, the handbook unequivocally states that the policies and procedure described in it may be modified, revoked, terminated or changed in whole or in part, at any time, without notice, by the hospital. Furthermore, the handbook states that "[n]othing in this booklet should be considered a guarantee of continued benefits or employment by the Southwest Mississippi Regional Medical Center." The handbook specifically provides: "Since employment at the Medical Center is based on mutual consent either the employee or the employer is privileged to terminate employment for any reason whatsoever." And finally, on its last page the handbook reiterates "[n]o one booklet of policies can cover every situation that may arise, and nothing in this booklet should be considered a guarantee of continued benefits or employment by Southwest Mississippi Regional Medical Center." The handbook then invites employees to consult with their supervisors or department heads if they need further information or have any questions about how the handbook policies apply to them.

■ The handbook may be accused of duplicitousness in setting forth extensive rights, rules, and procedures, all of which are subject to change without notice and none of which protects the employee from arbitrary dismissal; but the handbook cannot be read to limit the employer's power to terminate hospital employees at will. The only other significant evidence in the summary judgment record that might support the appellants' reading of the handbook was an internal memorandum about the dismissals which stated that each of the employees to be terminated was entitled to a hearing. That memorandum, however, was never communicated to the employees. Nor does that memorandum by itself indicate that the employee could be terminated only for cause. No representations were ever made to any of the plaintiffs, other than in the handbook, that they were not terminable at will. There is no evidence in the summary judgment record of Southwest's past course of conduct, which might indicate its interpretation of the employee handbook. In their depositions, all of the plaintiffs were asked whether they had relied on any conduct or statements by the hospital, other than the handbook, in forming their beliefs that they were entitled to be terminated only for cause, and all answered that they had relied solely on the handbook. Therefore, we hold that the appellants did not have a property interest in their continued employment at the Southwest Mississippi Regional Medical Center, and there is not a genuine issue of material fact in the summary judgment record to the contrary.

The judgment of the district court is AFFIRMED.