Susan R. **CRUSE**

v.

**CLEAR CREEK I.S.D.**

Civil Action No. G–97–447.

United States District Court, S.D. Texas, Galveston Division.

Sept. 22, 1997.

John William Mahoney, Williams Birnberg & Andersen, Houston, TX, Otto Dennis Hewitt, III, Alvin, TX, Leonard Arthur Cruse, Cruse & Associates, League City, TX, for Plaintiff.

David M. Feldman, Feldman & Associates, Houston, TX, for Defendant.

### ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

KENT, District Judge.

This an employment action that arose after Defendant Clear Creek Independent School District reassigned Plaintiff from her position as a "nationally acclaimed" high school music director to an equivalent position at one of its elementary schools. Plaintiff filed this action in Galveston state court on July 21, 1997 and it was timely removed to this Court on July 29, 1997. Now before the Court is Plaintiff's Motion to Remand and Plaintiff's Motion for Costs of August 14, 1997. For the reasons set forth below, each and all of Plaintiff's "due process," "equal protection," "District policy violation," and state constitutional claims are hereby *sua sponte* **DISMISSED WITH PREJUDICE.** Therefore, Plaintiff's Motion to Remand and Motion for Costs are not reached.

After carefully reviewing Plaintiff's Complaint and Motion to Remand, the Court generally understands that Plaintiff is upset with her perceived demotion and that she has retained Don Quixote to madly flail his pike against the windmills of justice. Notwithstanding their lofty aspirations, the Court is unclear as to what legal grievance Plaintiff is attempting to allege upon which this Court could possibly grant relief. Indeed, the

Court finds it doubtful that Plaintiff has alleged any claim at all. In her Complaint, Plaintiff asserts that the District's act of reassigning her:

> "is arbitrary, capricious and an abuse of discretion, as well as in violation of her rights under the law to substantive due process and equal treatment, as well as under Defendant's own policies."

This Court finds the above-quoted excerpt to be the only language within Plaintiff's Complaint that makes even grammatically sensible allegations. While the Court knows counsel to be consistently enthusiastic, he is respectfully advised in the future to clearly and succinctly state with specificity what theory of law the claims brought are based upon. Adjectives, adverbs, invective, and vague swash-buckling references to the law are insufficient. Although the Court appreciates a good story and can sympathize with the injured pride of a dedicated professional, it has neither the time nor the resources to sift through conclusory assertions to construct and refine the claims for the Plaintiff. That is counsel's job.

■ The Equal Protection Clause requires that all persons similarly situated be treated alike. See *City of Cleburne, Texas v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982). At first glance, it appears that Plaintiff is alleging an equal protection claim. However, Plaintiff makes no mention whatsoever of the threshold requirements for such a claim. The Supreme Court has developed a general rule for testing official action that is challenged on equal protection grounds. The inquiry focuses on three elements: a classification; the purpose of the classification; and the fit between the classification and purpose. See *Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir.), *petition for cert. filed,* 66 U.S.L.W. 3178 (U.S. Sept. 2, 1997) (No. 97–403); *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988). "Because the [C]lause's protection reaches only dissimilar treatment among similar people, if the challenged government[al] action does not appear to *classi-*

*fy* or distinguish between two or more relevant persons or groups, then the action does not deny equal protection...." *Mahone v. Addicks Utility Dist. of Harris County,* 836 F.2d 921, 932 (5th Cir.1988) (emphasis added); *see also Vera v. Tue,* 73 F.3d 604, 609–10 (5th Cir.1996) ("A violation of the [E]qual [P]rotection [C]lause occurs only when ... the governmental action in question classifies between two or more relevant persons or groups."). In the present case, Plaintiff fails to establish that a classification was made by the School District. Plaintiff also fails to allege that she is a member of a suspect or protected class, or any class for that matter. In addition to demonstrating a classification, a party who wishes to make out an equal protection claim must also prove the existence of purposeful discrimination motivating the state action. See *Washington v. Davis,* 426 U.S. 229, 246–50, 96 S.Ct. 2040, 2051–52, 48 L.Ed.2d 597 (1976). Plaintiff, however, does not allege that she was reassigned due to her membership within a class, nor does she allege that others similarly situated have been treated differently. Instead, Plaintiff merely *mentions* equal treatment, offering no explanation whatsoever for its applicability in this case.[1] Thus, while the Court assumes, due to the amorphous and ambiguous pleadings filed by Plaintiff, that an equal protection claim is alleged, it is utterly insupportable as a matter of both fact and law, and any such claim is **DISMISSED WITH PREJUDICE.**

■ Plaintiff states in her Motion to Remand that she brings this case under state law and that mere reference to federal law is insufficient to invoke this Court's jurisdiction. However, while making vague references to the Constitution, Plaintiff alleges that she was reassigned in violation of her rights under "the law to substantive due process." While that phrase is, on its face, gibberish, the Court reads Plaintiff's Complaint as alleging a violation of due process under the Fourteenth Amendment to the United States Constitution. Indeed, without exclusive reliance upon such, this oddly worded phrase

---

1. Indeed, it appears axiomatic from the very facts alleged by the Plaintiff herself that no such classification was made. Instead, Plaintiff's own pleadings reveal that she was the only person reassigned and this reassignment had *nothing* to do with her membership within a class.

has the legal significance of a bumper sticker. In order to establish a violation of due process, a plaintiff must clearly establish the existence of a constitutionally protected property interest. *See Bishop v. Wood,* 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Brown v. Texas A & M University,* 804 F.2d 327, 333 (5th Cir.1986). A property interest for the purpose of due process claims is "an entitlement grounded in state law, which cannot be removed except for 'just cause'" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). Thus, although the Constitution provides procedural safeguards to prevent deprivation of property interests, the interests themselves are created by state statute, local ordinance, written contract, or mutually explicit understandings enforceable under state law as express or implied contracts. *See Johnson v. Southwest Miss. Regional Med. Center,* 878 F.2d 856, 858 (5th Cir.1989); *Irby v. Sullivan,* 737 F.2d 1418, 1421 (5th Cir.1984). The Court must therefore look elsewhere to determine whether a property right exists. *See Johnson,* 878 F.2d at 858.

▪ Although Plaintiff alleges that her reassignment violated due process, she has not alleged a written or enforceable oral contract, a statute, or anything else that would establish a property right in continuing to be Defendant's high school music director. Indeed, Plaintiff's contract, which she signed with the District on March 26, 1997, contains absolutely no provision that prevents reassignment.[2] To the contrary, Plaintiff's contract clearly states that she is subject to reassignment at the discretion of the School District. Moreover, Plaintiff's contract clearly states that she was hired as a "teacher"; it does not say she was hired exclusively as a high school music director. The contract also provides that "[n]o property interest or any other entitlement, expectancy or right, express or implied, is created

beyond the Contract term." Furthermore, the District's policies, in effect at the time in question, clearly state that "[a]ll personnel are employed subject to assignment and reassignment." Plaintiff's reassignment was consistent with the School District's policies. In accordance with these policies, Plaintiff remains employed with the School District.

The Court determines that Plaintiff had no property interest in continued employment in a particular position at the Clear Creek Independent School District. Without a property right there can be no due process violation. Moreover, any contention that Defendant has violated its "own policies" to Plaintiff's detriment is utterly contradicted by Plaintiff's own pleadings. Therefore, the Court *sua sponte* finds that Plaintiff fails to state a due process claim under the United States Constitution and **DISMISSES WITH PREJUDICE** Plaintiff's due process claim, as well as any inferred claim predicated upon Defendant's alleged violation of its "own policies." Plaintiff's remedy, if any, rests with the School District's ongoing grievance process in which she is currently involved.

▪ When a District Court properly has original jurisdiction over a matter,[3] 28 U.S.C. § 1367(a) allows the Court to exercise supplemental jurisdiction over related state law claims involved in the case arising from common facts. Section 1367 provides in relevant part:

(a) Except as provided in subsection (b) and (a) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental

---

**2.** By her own admission, concurrent with pursuit of this premature and remarkably unfounded suit, Plaintiff is currently seeking reassignment through the District's grievance process.

**3.** Clearly, here the Court does. Even though Plaintiff denies federal jurisdiction in her Motion to Remand, a fair reading of her Complaint says otherwise, even though her federal claims are

fatally defective. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution ....."); *see also Noble v. White,* 996 F.2d 797, 799 (5th Cir.1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over state claim once all federal claims are dismissed.")

jurisdiction shall include claims that involve joinder or intervention of additional parties . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Pursuant to § 1367(a), this Court exercises its supplemental jurisdiction over Plaintiff's due process claim to the extent it is based upon the Texas Constitution. Texas has not recognized as actionable violations of the Texas Constitution. *See Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1306 (5th Cir.1995), *cert. denied sub nom. Conley v. Eugene*, —— U.S. ——, 116 S.Ct. 1680, 134 L.Ed.2d 782 (1996) (noting that there are no state constitutional torts in Texas); *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th Cir.1993); *Bagg v. University of Tex. Medical Branch*, 726 S.W.2d 582, 584 n. 1 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ("Texas has a strong bill of rights, but . . . no Texas statute or case . . . provides a citizen the kind of redress afforded by 42 U.S.C. § 1983 or by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). There is no state constitutional tort."). This Court will follow the weight of authority and the express dictates of the Fifth Circuit on this matter; therefore, to the extent that Plaintiff alleges any violation of the Texas Constitution, such claim is hereby *sua sponte* **DISMISSED WITH PREJUDICE.**

For the reasons set forth above, each and all of Plaintiff's claims are *sua sponte* **DISMISSED WITH PREJUDICE.** Plaintiff's Motion to Remand and Motion for Costs are not reached. The parties are **ORDERED** to bear their own taxable costs, expenses and attorneys' fees incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order Dismissing Plaintiff's Claims With Prejudice issued by the Court on this day, each and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** Plaintiff's Motion to Remand and Motion for Costs are not reached. The parties are **ORDERED** to bear their own taxable costs, expenses and attorneys' fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**