**Lurlene ROBERTS, Plaintiff,**

v.

**WALTHALL COUNTY GENERAL HOSPITAL, et al.,
Defendants.**

**No. CIV. A. 2:99CV298PG.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

May 3, 2000.

Dennis L. Horn, Horn & Payne, PLLC, Madison, MS, for Lurlene Roberts.

H. Mark Adams, Jones, Walker, Waechter, Poitevent, Carriere & Denegre, LLP, New Orleans, LA, Sidney F. Lewis, V, Jennifer L. Anderson, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP, New Orleans, LA, for Walthall County General Hospital, James Graves, Robert Lee Hobgood, Larry Martin, Truett Simmons, Iverson Davis, Louie Huhn.

*MEMORANDUM OPINION
AND ORDER*

PICKERING, District Judge.

This matter is before the Court on Motion for Summary Judgment filed on behalf of the Defendants. The Court having reviewed the motion, the response, the

briefs of counsel, the authorities cited, the pleadings and exhibits on file, and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The Court specifically finds as follows, to wit:

FACTUAL BACKGROUND

The Plaintiff, Lurlene Roberts, was employed as an emergency room nurse and later as a nurse supervisor with the Walthall County General Hospital in Tylertown, Mississippi, for nine years beginning May 1990 and ending July 27, 1999. On July 24, 1999, a child was admitted to the emergency room of the Walthall County General Hospital for a seizure disorder. He was brought to the emergency room by his grandmother. After an examination and treatment, the emergency room doctor, Dr. Muhammed Javaid, was concerned that the child needed follow up pediatric care for his seizure disorder. He suggested to the Grandmother that a local pediatrician follow the child. The Plaintiff alleges that because Dr. Javaid is Pakistani and has a heavy accent, she reiterated the name of the doctor's suggested pediatric referral to the grandmother. She also included the names of two other pediatricians in the area. Apparently thereafter, a staff pediatrician with the hospital complained that the Plaintiff was interfering with patient rights in trying to influence the selection of medical care providers. As a result of that complaint, the hospital on July 27, 1999, terminated the Plaintiff's employment for alleged misconduct.

The Plaintiff filed a claim for unemployment compensation benefits which was contested by the hospital. After a hearing before a neutral appeals referee, unemployment compensation benefits were awarded to the Plaintiff after a finding of no wilful misconduct on her part.

The Plaintiff has now filed her current complaint alleging that her employment was terminated without advance notice or a hearing thereby depriving her of an alleged property interest without due process as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The Plaintiff asserts that her protected property interest in her former employment arises pursuant to Section 41–13–35 of the Miss. Code Ann.1972. The Defendants have moved this Court for summary judgment asserting that the Plaintiff was an at will employee of Walthall County General Hospital and that Section 41–13–35 did not create a property interest in her continued employment.

STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. of T. for State C. & U.), 757 F.2d 698, 712 (5th Cir.1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material."

*Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552." *Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir.1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian,* 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John,* 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.,* 672 F.2d 436, 440 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods,* 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court," (*Topalian,* 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment." *John,* 757 F.2d at 712, *quoting Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980). standard of review.

*ANALYSIS*

■ Mississippi adheres to the at will employment doctrine. *See, Perry v. Sears Roebuck & Co.,* 508 So.2d 1086 (Miss.1987). The *Perry* Court noted "the Golden Rule unfortunately is not a rule of law." *Id.* Under the current state of Mississippi law, an employee who has furnished no consideration in addition to the services incident to his employment may be discharged at the will of his employer. *See, Kelly v. Miss. Valley Gas Co.,* 397 So.2d 874 (Miss. 1981). However, Mississippi has also long adhered to the proposition that "where the removal can only be for cause, the [employee] has the right to notice and an opportunity to disprove the charges." *In Re: Bishop,* 211 Miss. 518, 52 So.2d 18, 20 (1951).

Therefore, the question facing the Court is whether or not the Plaintiff enjoyed a property interest in her continued employment with the Walthall County General

Hospital.[1]  *See, Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  As the Fifth Circuit has stated,

> A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment.  That claim of entitlement, however, must be determined by reference to state law.  *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *See, Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. A claim of entitlement to job tenure may be created directly by state statute or by written contract or by a "mutually explicit understanding" enforceable under state law as an implied contract. *See, Perry v. Sindermann,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972).

*Johnson v. Southwest Miss. Regional Medical Center,* 878 F.2d 856, 858 (5th Cir.1989).

The *Johnson* Court interpreted Miss. Code Ann. § 41–13–35 as it existed at the time the employees in that case were terminated and found that it was indisputably neutral in regard to creating a property interest in continued employment.  That is, the statute left the matter of contractual employment agreements such as would create a property interest to the discretion of the individual hospitals.  *See also, Conley v. Board of Trustees of Grenada County Hospital,* 707 F.2d 175 (5th Cir.1983). The *Johnson* Court went further to note that the statute had been amended in 1985, subsequent to the termination of the employees involved, "to provide for contracts of employment or contracts for services and ownership of property on terms that would protect the public interest." *See* Miss.Code Ann. § 41–13–35(5)(n).  The *Johnson* Court also noted that the amended statute provided that the administrators of community hospitals are given the power to "employ and discharge employees, as needed for the efficient administration of

the business of the community hospital and prescribe their duties."  Miss.Code Ann. § 41–13–36, *Johnson,* 878 F.2d at 858. The *Johnson* Court went on to note "there may be merit in the appellant's contention that the new law creates a property interest by tying the hospital's power to hire and fire employees to promotion of the public interest and to promotion of hospital efficiency." *Id.,* at 859.

This is the language which Plaintiff hangs her hat on in contending that a property interest has been created in her continued employment.  The Defendant strongly contests that Roberts had a property interest in her continued employment and urges the Court to consider the language of its employee handbook as the Court did in *Oliver v. Forrest County General Hospital,* 785 F.Supp. 590 (S.D.Miss. 1991).  This Court held in the *Oliver* case that the employee handbook of Forrest General Hospital did not create an employment contract which granted a property interest in continued employment.  The Walthall County General Hospital employee manual contains very similar language at page 2 paragraph 102–H "Purpose" wherein it is stated *"The language in this handbook is not intended to create a contract between Walthall County General Hospital and its employees."* (emphasis in original).  On page 3 under paragraph 105–H the manual also includes the language "This includes the right to hire, discharge, promote, demote, and assign work to employees."  On page 39 of the manual under paragraph 501–H "Discipline Policy" subparagraph 3 "Discharge", it is provided "It is important, however, to point out that the hospital reserves the right to discharge an employee without prior warning for serious violations of hospital rules and regulations." The hospital asserts that because of this language in its employment handbook there is absolutely no doubt that Walthall County General Hospital has chosen the course allowed it

---

**1.** It is not contested that the Walthall County General Hospital is a community hospital under Miss. law governed by the provisions of the Miss.Code.

by the legislature, that is to maintain employment at will practices with its employees.

That argument somewhat misses the mark as to what the Plaintiff is arguing, however. As set forth above, the Plaintiff is arguing that the previous amendment to § 41–13–35 creates the property interest which she is seeking to enforce. The Court notes that the *Johnson* decision by the Fifth Circuit alludes to the fact that such language may create a property interest without stating any reason therefor. The Defendants point to *Levens v. Campbell*, 733 So.2d 753 (Miss.1999), in response to the Plaintiff's argument.

In *Levens*, the Mississippi Court was addressing the next code section, § 41–13–36, and said "moreover we do not view the statute as creating a property right in employment." *Id.* at 763. However, the Court had preceded that remark with a holding that the specific issue of the creation of a property interest was not presented to the Court for decision. Therefore, as the Plaintiff argues, the "view" that the statute does not create such an interest should most likely be viewed as dicta.

The Plaintiff points to *In Re: Bishop*, *supra*, as further support for her contention that the previously cited § 41–13–35 containing the "public interest" language creates a property interest in her continued employment. *In Re: Bishop* dealt with a sheriff who had fired a deputy without any due process hearing. He was operating under a statute that provided that *terminations had to be justified* so that "the public interest will be served thereby." *See, Johnson, supra*, at 858.

However, Plaintiff's argument ignores the enabling language applicable to community hospitals. The language of § 41–13–35 does not require that terminations be justified in order to protect the public interest. That section merely provides that if a community hospital enters into employment contracts, such will be entered into consistent with the public interest. It certainly does not require commu-

nity hospitals to enter into employment contracts, but merely says that if they do the terms of the contract will be consistent with the public's interest.

As this Court previously observed "Mississippi still adheres to the oft-criticized employment-at-will doctrine, which holds that 'a contract of employment for an indefinite term may be terminated at the will of either party. The employee can quit at will; the employer can terminate at will.'" (citation omitted). *Oliver*, 785 F.Supp. at 595.

This Court has carefully reviewed both Section 41–13–35 and Section 41–13–36. The relevant part of Section 41–13–35 provides

(5) The power of the board of trustees shall specifically include, but not be limited to, the following authority:

... to provide for contracts of employment or contracts for services and ownership of property on terms that will protect the public interest;

The relevant portion of Section 41–13–36, Miss.Code Ann.1972, provides for the appointment of an administrator and further provides that

... the administrator's duties and powers shall include, but not be limited to the following:

(a) To employ and discharge employees, as needed for the efficient performance of the business of the community hospital and prescribe their duties.

This Court has frequently noted that its powers are limited. State legislative policy is a matter for the Legislature of Mississippi. The Mississippi Legislature has clearly given the authority to run community hospitals to the boards of directors of these hospitals and to their administrators, not this Court.

This Court does not understand the plain meaning of the above statutes to terminate the Mississippi policy of employment at-will and provide only for termination for cause. That might be a good

policy. However, it is not a policy for this Court to adopt.

One of the advantages of the employment at-will doctrine is that it allows employees to quit when they want to. It also allows for employers to avoid unpleasant situations by not providing a reason for discharging an employee who needs to be discharged, but who probably would not accept the reason for such termination. In any event, that simply is not the prerogative of this Court. In making an *Erie* guess, this Court should follow recent dicta from the Supreme Court of Mississippi. Reading the *Levens* case, *supra*, which was a unanimous decision of the Mississippi Supreme Court, this Court is left with the inescapable conclusion that Mississippi does not require that its community hospitals must provide contracts of employment that can only be terminated for cause. They may do so, but they are not required to do so. Specifically the *Levens* court found

> 'Where there is no express contract of employment, a valid claim of entitlement must be grounded in some other legal source, such as a state statute or local ordinance, or an employed contract.' ... (citation omitted). 'The Constitution standing alone, confers no property right in continued employment.' ... (citation omitted).
>
> This Court has held that where there is no employment contract or where there is a contract which does not specify the term of the worker's employment, the relationship may be terminated at will by either party... (citation omitted).

The Court noted that plaintiff in that case ... now asserts that she had a statutory property right under Miss.Code Ann.

§ 41–13–36 (1993), which gives the administrator of the community hospital the power to employ and discharge 'employees as needed for the efficient performance of the business of the community hospital.' In that this issue was not presented to the trial court for consideration on the summary judgment motion, this issue is waived. *Moreover, we do not view the statute as creating a property right in employment.* (emphasis added).[2]

 After a review of the Mississippi enabling statutes regarding community hospitals, this Court concludes that these statutes create no property interest. The language in the employee handbooks specifically provides that it shall not be interpreted to create an employment contract between the Walthall County General Hospital and its employees. There is no specific written employment contract and no other indicia of such a contract. Since the Court has found that the state statute does not create a property interest and Plaintiff has presented no other "claim of entitlement" to her continued employment with the Walthall County General Hospital, Defendant is entitled to judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' motion for summary judgment is granted and the Plaintiff's complaint is dismissed with prejudice. A separate judgment will be entered herein in accordance with Rule 58, Fed. Rules of Civ. Proc.

**2.** The Court notes that the Court in *Levens* was referring to Code § 41–13–36 and the Plaintiff in this case is relying on § 41–13–35. This Court is of the opinion that the same conclusion results as to both sections. In other words, there is no difference in the authority given or the rights created by these two sections. The Court is also aware that Plaintiff contends that the Fifth Circuit, by dicta, in *Johnson, supra,* a case decided by the Fifth Circuit in 1989 stated that "the new law creates a property interest...." However, that is a misstatement of the dicta in the *Johnson* case. What the *Johnson* Court did in fact say was that "there may be merit in the appellant's contention that the new law creates a property interest...." In any event, this Court is of the opinion that a more recent pronouncement of the Mississippi Supreme Court, when both statements are dicta, is more persuasive.