# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60709
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2016

Lyle W. Cayce
Clerk

SHARITA GILES,

>  Plaintiff - Appellant

v.

SHAW SCHOOL DISTRICT; EVERETH STANTON, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District; GEORGIA BALLARD, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District; EVELYN HENRY, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District; CORA JACKSON, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District; ESTHER SHARP, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District; LEON MCNEAL, individually and in their official capacity as a member of the Board of Trustees of the Shaw School District,

>  Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:14-CV-24

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

No. 15-60709

STEPHEN A. HIGGINSON, Circuit Judge:*

Sharita Giles brought various claims under Title VII of the Civil Rights Act and 42 U.S.C. § 1983 against her former employer, Shaw School District, and members of its School Board. The district court granted summary judgment for Defendants, and we affirm.

## I.

Sharita Giles served as the principal of McEvans School in the Shaw School District from 2008 to 2013, when the members of the District's Board of Trustees declined to renew her employment. The Board cited the low performance of McEvans during Giles's tenure based on the District's numerical rating system, which measures the success of each school. Although McEvans received successful ratings for the school years preceding her tenure, during Giles's tenure, McEvans never received a successful rating. Following two "failing" ratings, the District instituted an "At-Risk Plan" for McEvans, and McEvans did not meet all of the plan's goals by the 2012 deadline.

In October 2012, the District superintendent recommended that the Board approve a 5% pay increase for Giles, but the Board did not approve the raise.[1] Following that denial, Giles filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. In February 2013, the District's superintendent recommended Giles for annual employment renewal, but the Board did not approve her renewal. Giles received written notice of the Board's decision and requested a hearing pursuant to Mississippi Code

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Board approved raises of 3.5% for two female administrators and one male principal at that time. (ROA.1687-89).

2

§ 37-9-109.    Following the multiple-day hearing, the Board upheld the nonrenewal.    Giles appealed the result to the Chancery Court of Bolivar County, Mississippi, which upheld the Board's decision.    Giles then filed additional EEOC charges, alleging that the nonrenewal and the result of the hearing were discrimination due to her gender and retaliation for her earlier EEOC filing.

After receiving a right to sue letter from the EEOC, Giles filed this action in federal court, alleging gender discrimination and retaliation under Title VII. Giles also brought claims under 42 U.S.C. § 1983, alleging gender discrimination pursuant to the equal protection clause of the Fourteenth Amendment and substantive and procedural due process violations. Defendants moved for summary judgment on each claim, and the district court granted each motion.    For the reasons that follow, we affirm.

## II.

## A.

We review a grant of summary judgment de novo.    *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013).    Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haire*, 719 F.3d at 362.

## B.

Giles argues that Defendants discriminated against her due to her gender in violation of Title VII and the equal protection clause.    She cites both Defendants' nonrenewal of her employment and the decision to not approve a pay increase.    Giles has not presented any direct evidence of discrimination; therefore, under the *McDonnell Douglas* burden-shifting framework, she must first establish a prima facie case of gender discrimination.    *Bryan v. McKinsey*

No. 15-60709

& Co., 375 F.3d 358, 360 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Lee v. Conecuh Cty. Bd. of Educ.*, 634 F.2d 959, 962 (5th Cir. 1981) (recognizing the application of *McDonnel Douglas* to equal protection claims). To establish a prima facie case, Giles must show

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). To establish the fourth element, Giles's "conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id.* at 260 (footnotes omitted).

Giles has not established a prima facie case. Giles contends that one male employee, L'Kenna Whitehead, was treated more favorably than her. Whitehead was the principal at Shaw High School, another school in the District, and the District approved a pay increase for Whitehead in November 2012 and renewed his employment in February 2013. However, Whitehead is not a valid comparator. The record establishes that during the time Giles was the principal at McEvans School, the school received consecutive underperforming ratings and that those ratings were lower than the ratings the school received before she become principal. Contrastingly, for the two years Whitehead was principal at Shaw High School, the school received ratings of "successful" and "high performing," which were higher ratings than Shaw High School received before Whitehead's tenure.

The District voted to not give Giles's a raise or to renew Giles's employment due to McEvans's poor performance, and Giles has not pointed to

4

a male comparator that saw similar decreases in performance ratings and maintained employment. Therefore, Giles has not established a prima facie case of gender discrimination under either Title VII or § 1983. *See Lee*, 574 F.3d at 260.

## C.

Giles also argues that the district court erred in granting summary judgment for Defendants on her Title VII retaliation claim. Giles contends that the District voted to not renew her employment because she filed an EEOC charge in response to the denial of her pay increase. Because Giles has not offered direct evidence of retaliation, we also apply the *McDonnel Douglas* burden-shifting framework to her Title VII retaliation claim. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 608 (5th Cir. 2005). To establish a prima facie case of retaliation, Giles must show "(1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). If Giles establishes a prima facie case, the burden shifts to Defendants "to articulate a legitimate, . . . nonretaliatory reason for its employment action." *Id.* at 557. Giles must then show that Defendants' reason was pretext for retaliation. *Id.* Ultimately, Giles "must establish that . . . her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Giles has not met this burden.

Assuming Giles can show a prima facie cause of retaliation, we agree with the district court that she has not shown that the school district's nonretaliatory reason for the nonrewal (the poor performance of the school she ran) was pretextual. Giles is thus unable to demonstrate a fact issue on the

No. 15-60709

ultimate question of 'but for' causation that a retaliation plaintiff must show. *See Nassar*, 133 S. Ct. at 2534. As a result, her retaliation claim fails.

## D.

Finally, Giles argues that the district court erred in granting summary judgment for Defendants on her substantive and procedural due process claims. To establish a substantive or procedural due process claim, Giles must show that she was deprived of a constitutionally protected liberty or property interest. *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 251 (5th Cir. 1984). Giles contends that she was denied a liberty interest because she has been unable to receive employment following her renewal and that she was denied a property interest when her employment was not renewed.

Giles has not alleged a constitutionally protected liberty interest. Although a discharge from public employment that damages an employee's reputation may implicate a liberty interest, "[m]ere proof that nonrenewal might make an individual less attractive to other employers does not, by itself, implicate a liberty interest." *Wells*, 736 F.2d at 256. Giles only alleged that nonrenewal itself has led to her inability to find employment. Moreover, Giles received a hearing and was given the opportunity to clear her name. *See id.*

Giles has also not established unconstitutional deprivation of a protected property interest. "A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment." *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989). The claim of entitlement can be created by state statute or by contract. *Id.* Giles's employment contract specified that it was for a term of one school year. Therefore, the contract did not give her a claim of entitlement to further employment. *See id.* (noting that a legitimate claim of entitlement is only created if it "limit[s] the employer's ability to terminate the employment"). However, Giles also contends that

6

section 37-9-15 of the Mississippi Code, which requires the Board approve a superintendent's recommendation unless "good reason to the contrary exists," and section 37-9-109 of the Mississippi Code, which requires a hearing to be held at the request of a nonrenewed employee, created such a claim.

As recognized by the Mississippi Supreme Court and district courts in this circuit, the Mississippi Code may not create a claim of entitlement to employment for a principal. Those courts acknowledge that even though the statute requires the District to furnish reasons for nonrenewal, it does not create "some form of tenure" because the District can decide to not renew a teacher's (or principal's) contract for any reason. *Calhoun Cty. Bd. of Educ. v. Hamblin*, 360 So. 2d 1236, 1239 (Miss. 1978) (discussing the substantive rights created by section 37-9-15); *see also Housley v. N. Panola Consol. Sch. Dist.*, 656 F. Supp. 1087, 1090 (N.D. Miss. 1987). Those courts have also recognized that section 37-9-109 merely provides a procedural right to a hearing, not a claim of entitlement to employment. *Pruette v. Dumas*, 914 F. Supp. 133, 137–38 (N.D. Miss. 1996). However, even if the Mississippi Code does create a claim of entitlement to employment, and thus a substantive property right, Giles's substantive and procedural due process claims fail because she cannot show that she was unconstitutionally deprived of that right.

If we assume Giles had a property right in her continued employment, Giles must also "prove that the deprivation of the property right occurred without due process of law." *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 672 (5th Cir. 2007). To establish a substantive due process violation, Giles must demonstrate that "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (quoting *Conroe Creosoting Co. v. Montgomery Cty.*, 249 F.3d 337, 341 (5th Cir. 2001)). Given that the Board declined to renew

No. 15-60709

Giles's employment for good cause—the poor performance of her school—Defendants' actions do not shock the conscience.

Giles's procedural due process claim also fails. "The basic requirement of constitutional [procedural] due process is a fair and impartial tribunal, whether at the hands of a court, an administrative agency or a government hearing officer." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997). Following her nonrenewal, Giles was told the reason that her employment was not renewed and was given a multiple-day hearing in front of the Board, which she then appealed. Giles contends that she did not receive the information in a timely manner and that one of the members of the Board was biased. However, Giles was told the reason for her nonrenewal within the timeline required by section 37-9-105 of the Mississippi Code. In addition, that one of the members of the Board stated that the District "need[s] a new principal at McEvans" before that member joined the Board does not overcome "(1) the presumption of honesty and integrity of the adjudicators; and (2) the presumption that those making decisions affecting the public are doing so in the public interest." *Valley*, 118 F.3d at 1052–53. This single allegation does not show that the "disputed adjudicative issues" were "prejudged." *Id.* at 1053.

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment for Defendants.