REVISED 03/09/2023

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2023

Lyle W. Cayce
Clerk

No. 22-60276

Robert Ward,

*Plaintiff—Appellant*,

*versus*

Wilkinson County School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:20-CV-206

Before Jones, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Plaintiff Robert Ward ("Ward") sued Wilkinson County School District (the "School District"), asserting that he was not given adequate time to review and sign his employment contract, in violation of due process pursuant to 42 U.S.C. § 1983. The district court entered summary judgment in favor of the School District. Ward appeals.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60276

## I. Facts and Procedural History

From 2019 to 2020, Ward worked part-time as a Lead Teacher for the School District. His contract stated that his employment began on August 5, 2019, and ended on May 13, 2020. When the School District decided to make the Lead Teacher position a full-time role, Ward expressed interest in the position, and on June 10, 2020, the School Board approved offering Ward the full-time Lead Teacher position.

With regard to employment contracts, Mississippi law provides in relevant part:

> If any superintendent, other than those elected, principal, licensed employee or person recommended for a licensed position who has been elected and approved shall not execute and return the contract within ten (10) days after same has been tendered to him for execution, then, at the option of the school board, the election of the licensed employee and the contract tendered to him shall be void and of no effect.

Miss. Code § 37-9-23 (2018). The statute has also been adopted by the School District, almost in its entirety, as part of the District Policies.

On June 22, 2020, Ward was informed that his contract for the 2020–21 school year was ready to be signed. On June 29, 2020, Ward was reminded that his contract was ready to be reviewed and needed to be signed by July 1, 2020; Ward was out of town but stated that he would come in as soon as he was able. On July 6, 2020, Ward went to the school office and reviewed the contract; he was told that he needed to sign the contract that day, because the relevant ten-day period had expired. Ward felt that he did not have enough time to consider the contract, and did not sign it before leaving that day. On July 8, 2020, the School Board voided Ward's contract. Ward filed suit against the School District, arguing that the School District violated the due process clause of the Fourteenth Amendment. On dueling motions for

summary judgment, the district court entered judgment in favor of the School District.

## II. Standard of Review

We review a district court's decision to grant summary judgment *de novo*. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

## III. Discussion

The threshold inquiry in a due process challenge is "whether the plaintiff has been deprived of a protected interest in property or liberty." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972).

On appeal, Ward argues that the district court erred in granting summary judgment on his due process claim, because he had a protected property interest in the position of full-time Lead Teacher that was offered to him. Ward argues that a public employee's entitlement may be shown through reference to a statute, written contract, or mutually explicit understanding enforceable as an implied contract. *See King v. Newton Cnty. Bd. Of Sup'rs*, 144 F. App'x 381, 384 (5th Cir. 2005). Specifically, however,

we have held that "a public employee has a property interest in her *continued* employment if she can prove a claim of entitlement to such a property interest by reference to a (1) statute; (2) written contract; or (3) mutually explicit understanding enforceable as an implied contract." *Id.* (citing *Johnson v. Southwest Mississippi Regional Medical Center*, 878 F.2d 856, 858 (5th Cir. 1989) (emphasis added)). Ward fails to cite any case, however, that recognizes a property interest in *prospective* employment under Mississippi law. And as the district court recognized, Ward's previous part-time contract with the School District ended on May 13, 2020, and he was not employed by the School District when the School Board approved offering him the full-time position (June 10, 2020), when he was notified that his contract was ready to be reviewed and signed (June 22, 2020), or when he reviewed the contract (July 6, 2020). He therefore had no protectable property interest in continued employment with the School District after his previous contract ended.[1] *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1529-30 (5th Cir. 1993) (holding that Texas teachers employed under fixed term contracts did not have a property interest in continued employment beyond the terms of their contracts).

Ward also argues that Mississippi Code Section 37-9-23 gives him "a property right to consider and enter into an employment contract with the school district." But "[b]efore a property interest would exist, [the statute]

---

[1] Ward also argues that because "Mississippi teachers have a due process right to appeal hearings when they are terminated, they also have a due process right to have reasonable time to consider their contracts for employment per state statute." But this is merely another attempt to construe his case as one of continuing employment rather than of prospective employment. At the time when Ward was considering the full-time Lead Teacher contract, he was not employed by the School District, and he therefore had no protectable property right to *continued* employment. The existence of a protected property right to continued employment does not impliedly create a protected property right to consider prospective employment contracts.

would have to constrain the [School Board] in a meaningful way." *Stem v. Gomez*, 813 F.3d 205, 212 (5th Cir. 2016).  The statute Ward cites to establish a property right provides the following:

> If any superintendent, other than those elected, principal, licensed employee or person recommended for a licensed position who has been elected and approved shall not execute and return the contract within ten (10) days after same has been tendered to him for execution, then, at the option of the school board, the election of the licensed employee and the contract tendered to him shall be void and of no effect.

Miss. Code § 37-9-23 (2018).  Although the statute permits the School Board to rescind the contract after ten days, it does not forbid the Board from rescinding it before ten days have passed.  The statute therefore does not constrain the School Board's discretion so as to create a protected property interest in a ten-day firm offer.

In sum, Ward has failed to demonstrate that he had a protected property interest in prospective public employment with the School District.

### IV. Conclusion

Based on the foregoing, we AFFIRM the judgment of the district court.