**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO KUBA, an individual and SAN DIEGO ANIMAL ADVOCATES, a California 501(c)(3) nonprofit organization,<br><br>         Plaintiffs - Appellants,<br><br>  v.<br><br>SEA WORLD, INC., a Delaware corporation, DBA Sea World Adventure Parks; et al.,<br><br>         Defendants - Appellees. | No. 09-56059<br><br>D.C. No. 3:07-cv-01274-MMA-POR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted March 7, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

    Alfredo Kuba and San Diego Animal Advocates ("Plaintiffs") appeal the

district court's grant of summary judgment in favor of Sea World, Inc. Plaintiffs'

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1983 action charges that Sea World abridged their First Amendment rights by prohibiting staged protests inside its paid entrance parking lots.[1]  Because it concluded that Plaintiffs failed to demonstrate the state action necessary to establish a violation of § 1983, the district court held that the § 1983 claim failed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

To prevail on a § 1983 claim, plaintiffs must establish that Sea World acted "under color of state law."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001).  Sea World is undeniably a private entity, but its actions may nonetheless be attributed to the state if it has been endowed with powers or functions traditionally governmental in nature; it willfully participated in joint action with the state; it acted under the coerced influence of the state; or a sufficiently close nexus exists between the state and the challenged action.  *See Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

---

[1] Plaintiffs also assert claims under the California Constitution, Article I, Section 2 and California statutes protecting free speech rights.  Upon granting summary judgment to Sea World on plaintiffs' federal claim, the district court concluded that it lacked federal subject matter jurisdiction over plaintiffs' state claims, and declined to exercise supplemental jurisdiction.  Plaintiffs thus remain free to pursue these claims in state court.

**A**.

The district court correctly concluded that Sea World does not perform a public function. "To satisfy the public function test, the function at issue must be both traditionally and exclusively governmental." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). The operation of a theme park for recreational purposes has long been the province of private entrepreneurs, and thus it is not a traditional and exclusive governmental function. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955-56 (9th Cir. 2008) (en banc). Plaintiffs' argument that Sea World carries out the public function of regulating speech in a public forum because the protest site connects with a public pedestrian and bicycle pathway was "raised for the first time on appeal, and because [it was] never argued before the district court, we deem [it] waived." *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). Moreover, Plaintiffs have presented no evidence that this land has acquired a traditional and exclusive public character by virtue of being "a freely accessible public forum through which people pass on their way to" locations other than Sea World. *Lee*, 276 F.3d at 555.

**B.**

The district court properly determined that Sea World did not willfully participate in joint action with the city of San Diego. Joint action is found where

3

"state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights," and "the state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity." *Franklin*, 312 F.3d at 445 (citations and quotations omitted). Sea World relied on a municipal anti-trespassing ordinance to eject Plaintiffs and notified police about the demonstration after it occurred, but those actions do not demonstrate the "substantial degree of cooperation" that is required "before imposing civil liability for actions by private individuals that impinge on civil rights." *Id.* at 445.

## C.

The district court correctly concluded that Sea World did not act under the coerced influence of the state. "The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley v. Rainey*, 326 F.3d 1088, 1094 (9th Cir. 2003). Plaintiffs have not presented evidence showing that the City encouraged or directed their ejection from Sea World, and "[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives." *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982).

**D.**

The district court correctly determined that there is not a close nexus, or symbiotic relationship, between Sea World and the city of San Diego that results in state action. "[T]he nexus test asks whether 'there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094-95 (quoting *Brentwood*, 531 U.S. at 295). Sea World leases a portion of publicly owned Mission Bay Park pursuant to a long-standing city goal of providing aquatic-themed recreation and education on the site. The lease is subject to conditions relating to land use and programming. However, even these "significant links" between Sea World and the city are not enough to satisfy the nexus test without further evidence of substantial interconnection. *Kirtley*, 326 F.3d at 1095; *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1213 (9th Cir. 2002). Rather, state action arises from "pervasive entwinement to the point of largely overlapping identity." *Brentwood*, 531 U.S. at 303; *cf. NCAA v. Tarkanian*, 488 U.S. 179, 192-99 (1988). There is no evidence that city employees work at Sea World or are involved in its day to day operations, or that the financial relationship extends substantially beyond the lease, and thus there is no basis for finding state action through a close nexus or symbiotic relationship.

## II.

The district court erred by excluding excerpts from a city of San Diego website, but the error was harmless. Plaintiffs submitted the excerpts into evidence along with live hyperlinks to a municipal website, and therefore they are self-authenticating under Federal Rule of Evidence 902(5). Sea World's argument that this was insufficient for authentication because any party can create a website fails to recognize that the United States General Services Administration administers the .gov domain and restricts access to verified governmental entities. *See* 41 C.F.R. §§ 102-173.5, 102-173.10, 102-173.35. However, admitting these facts about Mission Bay Park into evidence would not have changed the outcome of the state action analysis, and therefore the error was harmless. *See Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1029 (9th Cir. 2010).

## III.

Plaintiffs' requests for judicial notice are denied. The materials in Plaintiffs' first request "are not relevant to the disposition of this appeal" as they relate to an incident that occurred more than two years after the event giving rise to the current litigation. *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010). The materials in the second request are not properly noticeable because they were available prior to

the district court proceedings but were not introduced there. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1000 (9th Cir. 2006).

The district court's decision granting summary judgment in favor of Sea World is **AFFIRMED**.