# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2013

Lyle W. Cayce
Clerk

LARRY NOBLES,

Plaintiff - Appellant

v.

CARDNO, INCORPORATED, formerly known as ATC Group Services, Incorporated,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-107

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Larry Nobles brought suit against his employer, Cardno, Inc., claiming he was subject to age discrimination.  The district court granted summary judgment to Cardno. On appeal, Nobles argues that district court should have found a genuine issue of material fact as to whether Cardno's reasons for his termination were a pretext for age discrimination.  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60483

BACKGROUND AND PROCEDURAL HISTORY

During the events of this case, Nobles was sixty years old, resided in Mobile, Alabama, and was a licensed Professional Engineer. Cardno was an engineering-consulting company with multiple branches. The office in Biloxi, Mississippi needed a branch operations manager to organize the office and sort out its financial troubles. Scott Vinsant, one of Cardno's branch managers, sought permission from Cardno's senior vice-president Wendell Lattz to hire an independent recruiter to find candidates for the Biloxi position. With Lattz's approval, Vinsant hired Herb Newman with Newman Search to find candidates for the position. The position was advertised on CareerBuilder, and Nobles submitted his resume. He had a phone interview with Lattz and subsequently interviewed with Vinsant at the Biloxi office. He was offered the job on March 25, 2010. The offer letter stated in part that, until the office was operating better, Nobles would not be allowed to work remotely from Mobile. Nobles began work on April 12, 2010.

After 29 days of employment, Cardno terminated Nobles. Prior to terminating Nobles, Vinsant sent an email to Lattz outlining Nobles' job performance problems. Based on this email, Lattz gave Vinsant permission to terminate Nobles, and Nobles was terminated on May 11, 2010. Tad Nelson, who was younger than Nobles, was eventually hired by Cardno as Nobles' replacement.

On May 6, 2010, a few days before Nobles' termination, Lattz called Herb Newman of Newman Search to inform him they would not be keeping Nobles — meaning Newman would not get his recruiting fee. Later in May, after his termination, Nobles searched CareerBuilder's website for new employment. He discovered an advertisement dated May 6 for a geotechnical engineer for an undisclosed employer with the same area code as Cardno. Nobles speculated that this advertisement from an unnamed employer was placed by

2

No. 13-60483

Cardno, relying on the timing of the advertisement as well as similarities between it and the earlier Cardno advertisement that Nobles had responded to in March.  It was this May 6 advertisement which led Nobles to believe he had been fired because of his age.  Both Lattz and Herb Newman stated that Cardno did not place the May 6 advertisement.

In July 2010, Nobles submitted a formal charge of age discrimination with the Equal Employment Opportunity Commission.  In December 2011, Nobles received his notice of right to sue.  He filed suit in a Mississippi state court for damages due to violations of the Age Discrimination in Employment Act ("ADEA"). Cardno removed the suit to the United States District Court for the Southern District of Mississippi.  The district court granted Cardno's motion for summary judgment, concluding Nobles failed to create a genuine issue of material fact as to whether Cardno's proffered non-discriminatory reasons for terminating Nobles were pretextual.  Nobles timely appealed.

## DISCUSSION

"We review a grant of summary judgment *de novo*."  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).  Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

The ADEA provides that "[i]t shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).  Where, as here, a plaintiff relies on circumstantial evidence, we apply the *McDonnell Douglas* burden-shifting framework to a claim of age discrimination.  *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).  The plaintiff must first make a *prima facie* case by demonstrating: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was . . . replaced by someone

younger . . . ." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If an employer then meets this burden of production, the plaintiff must prove the proffered reasons are a pretext for age discrimination. *Bodenheimer*, 5 F.3d at 957.

The district court concluded, and neither party disputes, that Nobles made out a *prima facie* case of age discrimination and Cardno then articulated legitimate, non-discriminatory reasons for terminating Nobles. At issue on appeal is the court's conclusion that Nobles failed to carry his burden of proving the reasons offered by Cardno were a pretext for discrimination. Accordingly, our discussion will be limited to consideration of whether Nobles created a genuine issue of material fact on the pretext issue.

To satisfy his burden on pretext, Nobles may either show that a discriminatory reason more likely motivated Cardno, or that Cardno's "proffered explanation is unworthy of credence." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164 (5th Cir. 1993). As to the latter, Nobles must do more than speculate; he must prove that the articulated reasons for his termination are a pretext. *Id.* Mere subjective assertions, without more, are insufficient. *Id.* Further, "[s]imply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *LeMaire v. Louisiana Dept. of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). Nobles "must rebut each non-discriminatory . . . reason articulated by the employer." *McCoy*, 492 F.3d at 557.

I.    *Cardno's articulated reasons for terminating Nobles*

Vinsant offered a copy of an email sent to Lattz before terminating Nobles detailing the various concerns he had about Nobles based on his own

observations and the negative reports he had received from staff in the Biloxi office. Among other things, the email stated that Nobles was already working remotely from Mobile, had told Vinsant and others he was not that committed to the job, and could only focus on one thing at a time. The email relayed reports from Dana Glasscox and Jeremy Graham that Nobles stated he was overloaded and complained about working too much. Graham and Glasscox also reported Nobles did not interact well with clients, was getting bogged down with details, and wasting time on simple tasks.

Lattz also stated that he independently spoke with Glasscox and Graham who corroborated the reports that Nobles was not stepping up and would not or could not do what was necessary to turn around the Biloxi office. Glasscox specifically reported Nobles did not have the desire to perform at the level required and could not multi-task or lead the office. Lattz also reported a discussion with another employee, Leland Creel, that Nobles was not showing the ability to address the multiple management issues confronting the Biloxi office.

Cardno also tendered to the district court Nobles' "Employee Termination Form" which contained a check in the section "Unable to Meet Job Requirements" as the basis for Nobles' termination. The form included comments from Vinsant regarding Nobles' deficient job performance.

## II.  *Nobles' evidence of pretext*

Nobles first objects that the district court improperly relied on inadmissible hearsay in concluding Cardno had articulated a non-discriminatory reason for terminating Nobles. Nobles contends that the performance issues contained in Vinsant's and Lattz's affidavits come primarily from reports by other employees who did not come forward themselves to support the accusations. The reports by Nobles' co-workers, however, are not being offered to prove the accuracy of the reported

information.  *See* FED. R. EVID. 801(c)(2).  The complaints from other employees were offered only to support that Vinsant and Lattz believed he was performing poorly.  *Id.*  When an employee is discharged based on complaints of other employees, "the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'"  *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010).  Nobles' hearsay objection fails.

To the extent Nobles disputes that co-workers actually made any complaints, he failed to present evidence that the complaints were fabricated.  *See Waggoner*, 987 F.2d at 1166.  "[U]nsubstantiated assertions are not competent summary judgment evidence."  *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996).  Nobles' conclusory statements disputing that employees made complaints are not enough by themselves to create a fact dispute.  *See Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995).

Nobles attempts to prove Vinsant and Lattz lied about receiving negative reports from his co-workers by alleging they lied about posting the May 6 advertisement on CareerBuilder for his replacement.  Again, Nobles failed to offer any evidence, beyond conjecture, to link Cardno with the May 6 advertisement.  While the advertisement was posted on the same day Lattz spoke with Herb Newman, both Lattz and Newman testified that the advertisement was not placed at Cardno's behest.  Nobles' speculation regarding the advertisement is insufficient to create a fact issue as to whether Cardno's reasons for terminating Nobles were pretext for age discrimination.  *See id.*

Beyond challenging the admissibility or fact of the complaints made by his co-workers, Nobles also disputes the underlying accuracy of the reports describing him as a poor employee.  In his affidavit, Nobles denied that he

would spend all day on one report or that it took him a full day to get ready for the financial matters conference call.  He also denied that he made negative comments about having to work too hard.  "Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *Lemaire*, 480 F.3d at 391.  Nobles disputes that his performance was deficient, but he does not cast doubt on Vinsant's assertion that he perceived Nobles' performance as deficient.  *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995).

As a final matter, we note that Nobles failed to show pretext as to Cardno's assertion that Nobles' absence from the office and working remotely from Mobile was a reason for his termination.  Nobles must rebut each non-discriminatory reason offered by Cardno.  *See McCoy*, 492 F.3d at 557.  His lack of rebuttal that working remotely against Vinsant's instructions served as a basis for his termination is fatal to his claim.

AFFIRMED.