**REVISED March 22, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

PETE KELLER, JR.,

　　　　Plaintiff - Appellant

v.

COASTAL BEND COLLEGE,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-7

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

　　Pete Keller sued his former employer, Coastal Bend College, for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and Title VII, 42 U.S.C. § 2000e-2. The district court granted summary judgment in favor of Coastal Bend College. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40710

**FACTS AND PROCEEDINGS**

Pete Keller ("Keller"), a fifty-two-year-old Hispanic male, worked for Coastal Bend College's ("the College") maintenance department as a carpenter and painter for approximately twenty-two years before his termination in July 2013. In June 2013, Keller was assigned to paint the College's day care center. After work commenced as scheduled, Kathleen Patton, the College's Dean of Administration, and Mike Slaughter, the College's Physical Plant Director and Keller's direct supervisor, complained about Keller's poor workmanship, the length of time it took him to complete certain assigned tasks, and his poor attitude. Upon learning of these complaints, Dr. Beatriz Espinoza, the College's President, authorized Ms. Patton and Mr. Slaughter to terminate Keller's employment on July 22, 2013. Keller's position was then replaced by Lynn Harrison, a fifty-one-year-old, Caucasian male.[1]

In August 2013, Keller filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the College discriminated against him on the basis of age and race. The EEOC dismissed the charge and declined to take any further action. Keller then filed a complaint in the Southern District of Texas, and in response, the College filed a motion for summary judgment on October 22, 2014. Magistrate Judge Jason Libby issued a memorandum and recommendation to grant the College's motion, overruling Keller's evidentiary objections, and sustaining the College's objections to Keller's sham declaration testimony. The district court adopted the magistrate's findings and recommendation to grant summary judgment on Keller's claim under the Age Discrimination in Employment Act ("ADEA"), reaffirming that Keller could not establish a prima facie case of age

---

[1] The actual age of the replacement at the time of hiring is disputed. Regardless, the replacement employee was either the same age or one year younger than Keller.

2

No. 15-40710

discrimination. In addition, after conducting its own evidentiary review, the district court granted summary judgment with regard to Keller's race discrimination claim and found that despite the existence of a prima facie case under Title VII, Keller failed to carry his burden to prove pretext under the *McDonnell Douglas* framework.

Keller appeals the district court's ruling as to his age and race discrimination claims, and he asks this court to reverse the district court's order and remand the matter for a jury trial on the merits. Keller also presents several evidentiary objections on appeal. First, Keller alleges that the district court erred by including Dr. Espinoza's affidavit in the summary judgment record in violation of Federal Rule of Civil Procedure 37(c). Second, he contends that the district court erred by not sustaining his hearsay objections to Dr. Espinoza's affidavit. Third, he argues that the district court should have excluded all of the College's summary judgment evidence because it was not properly authenticated by a business records affidavit.

## DISCUSSION

### I.    Evidentiary Rulings

#### a. Standard of Review

Although this court generally reviews a grant of summary judgment *de novo*, when the trial court's evidentiary rulings are also at issue, we review those rulings for abuse of discretion. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003); *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1109 (5th Cir. 1991) ("[A]n appeal of a summary judgment presenting evidentiary issues raises two levels of inquiry. At the first level, we review the trial court's evidentiary rulings, which define the summary judgment record, and we give these rulings their due deference. At the second level, with the record defined, we review the trial court's summary judgment

decision de novo"), *abrogated on other grounds by Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Further, when a party fails to file a written objection to the proposed findings, conclusions, and recommendation of a magistrate judge, this court reviews the district court's adoption of any finding, conclusion, or recommendation for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds.* A reversal under plain error review occurs only when, *inter alia*, this court finds "an error that is clear and obvious." *Rushing v. Kansas City Southern Ry.*, 185 F.3d 496, 506 (5th Cir. 1999), *superseded by statute on other grounds.*

### b. Federal Rule of Civil Procedure 37(c) and the Espinoza Affidavit

Because the College did not disclose Dr. Espinoza as a witness, Keller argues that the Espinoza affidavit should not be included in the summary judgment record under Federal Rule of Civil Procedure 37(c) ("Rule 37"). Pursuant to Rule 37, the district court determined that Dr. Espinoza's affidavit could be admitted into evidence if the failure to disclose her identity was found to be harmless. The district court correctly found that "any prejudice to Plaintiff caused by Defendant's failure to disclose Espinoza as a witness c[ould] be cured by deposing Espinoza" and allowed both parties to take her deposition and supplement the summary judgment record. *See Tex. A&M*, 338 F.3d at 402 (citation omitted). Keller urges this court to enforce Rule 37 as written, but Rule 37 explicitly states that "[i]f a party fails to provide information or [the] identity of a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Accordingly, we find that the district court did not abuse its discretion.

No. 15-40710

### c. Hearsay and the Espinoza Affidavit

Keller next argues that the district court erred in overruling his evidentiary objection to the Espinoza affidavit because it is not based on personal knowledge and is "riddled with inadmissible hearsay."[2] The district court found Keller's argument regarding hearsay unpersuasive and noted that Dr. Espinoza's affidavit is not evidence of the truth of the allegations against Keller, but is evidence of Dr. Espinoza's state of mind when she made a good faith reliance on a subordinate's allegations regarding Keller's work performance.

When "an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (citation omitted); *see also Nobles v. Cardno, Inc.*, 549 F. App'x 265, 268 (5th Cir. 2013) (relying on *Jackson* and holding that when complaints from other employees are offered to show the reasons for an employment action, the allegations are not hearsay). Accordingly, because Dr. Espinoza's state of mind is the relevant factor, the district court did not abuse its discretion by admitting Dr. Espinoza's affidavit into the summary judgment record.

---

[2] Keller also objects on appeal to the magistrate's finding that Dr. Espinoza had personal knowledge regarding the interview process for selecting Keller's replacement after his termination. We review for plain error because Keller failed to object below. *Douglass*, 79 F.3d at 1428-29. We have held that personal knowledge can stem from the affiant's "sphere of responsibility" as a corporate employee. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Assessing only for plain error, because Dr. Espinoza was found to have the requisite knowledge based on her position as the president of the College, we do not disturb the magistrate's finding.

No. 15-40710

### d. Summary Judgment Documents

Lastly, Keller objects on appeal to the inclusion of all documents attached to the College's motion for summary judgment, except for his own deposition testimony, because the documents are not authenticated "by a proper business record affidavit." The magistrate found that all of the exhibits were properly authenticated either by Dr. Espinoza in her affidavit or by Keller in his deposition.[3]    Because Keller failed to object to the magistrate's authentication finding, this court's review is limited to plain error. *Douglass*, 79 F.3d at 128-29 (5th Cir. 1996).

Federal Rule of Evidence 901 provides for methods of authentication. Fed. R. Evid. 901(b) (listing multiple methods of authentication); *see also In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008) (noting that "Rule 901 does not limit the type of evidence allowed to authenticate a document. . . . [but] merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be") (citation omitted)). Rule 901 does not preclude authentication by affidavit or deposition. *See Rust v. Bank of Am., N.A.*, 573 F. App'x 343, 345 (5th Cir. 2014) (allowing a document to be authenticated under Rule 901(b)(1) by an affiant with knowledge swearing the document to be true and correct); Fed. R. Evid. 901(b). Accordingly, we conclude that the district court did not plainly err by considering all documents submitted by the College in relation to its motion for summary judgment.

---

[3] Dr. Espinoza testified in her affidavit that exhibits B-1, B-2, and B-3 were true and correct copies of documents maintained by the College. Exhibits A-1 through A-10 were discussed and authenticated by Keller during his deposition.

## II.     Summary Judgment

### a.  Age Discrimination

The district court adopted both the magistrate's conclusion that Keller failed to establish a prima facie case for age discrimination under the ADEA and the magistrate's recommendation that summary judgment be granted with regard to Keller's age discrimination claim. We review for plain error because Keller did not object to the magistrate's conclusion and recommendation. *Douglass*, 79 F.3d at 1428-29.

Under the ADEA, an employer cannot "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination under the ADEA the plaintiff must establish he (1) was within a protected class; (2) was qualified for the position; (3) suffered an adverse employment decision; and (4) was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

The magistrate found that though Keller could prove the first three requirements for a prima facie case, he could not fulfill the fourth requirement because he did not submit "any competent evidence" to show that he was discharged because of his age. At the time Keller was terminated, he was 52 years old. Keller's replacement was 51 or 52 at the time of hiring. The magistrate found this small distinction in age unpersuasive, stating that, "[c]ontrary to Plaintiff's argument that 'as long as the replacement is younger, it does not matter how much younger,' both Supreme Court and Fifth Circuit precedent establish otherwise." *See Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013) (citation omitted); *see also Earle v. Aramark Corp.*, 247 F. App'x 519,

523 (5th Cir. 2007) (finding a four-year age difference insufficient to show a prima facie case of age discrimination) (citation omitted).

Nevertheless, this court has also held that "regardless of how much younger [a plaintiff-employee's] replacement is, a plaintiff in the protected class may still establish a prima facie case by producing evidence that he was 'discharged because of his age.'" *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (citations omitted). Keller has failed to present any evidence showing that he was discharged because of his age other than his contention that he was one year older than his replacement. Standing alone, this argument is insufficient. Therefore, the district court did not plainly err in adopting the magistrate's conclusion and recommendation.

### b. Race Discrimination

The district court granted summary judgment in favor of the College on Keller's race discrimination claim. This court reviews a district court's grant of summary judgment *de novo*, "viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a race discrimination claim a plaintiff must present direct or circumstantial evidence that race was a motivating factor for an adverse employment action. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40-41 (5th Cir. 1996). Because Keller relies on circumstantial evidence—his own "gut feeling"—that the College fired him because of his race, this court evaluates his claims under the *McDonnell*

No. 15-40710

*Douglas* burden-shifting framework.[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000).

Under the *McDonnell Douglas* framework, the plaintiff-employee must first establish a prima facie case of discrimination. *Byers*, 209 F.3d at 425. Once a prima facie case is established, the employer-defendant must provide a legitimate, nondiscriminatory reason for the employee's termination. *Id.* If the employer gives an adequate, nondiscriminatory reason for the employee's termination, the burden shifts back to the plaintiff who "must then prove, by a preponderance of the evidence, that the proffered reason was mere pretext for discrimination." *Id.* The College did not challenge Keller's ability to establish a prima facie case of race discrimination; therefore, our analysis begins with whether the College carried its burden to articulate a legitimate nondiscriminatory reason for discharging Keller. *See id.*

The College has articulated three reasons for Keller's discharge: his poor workmanship, the delay in time it took him to complete the renovation project, and his poor attitude. Dr. Espinoza acknowledged these reasons in her affidavit, and in his deposition, Keller himself recognized that Ms. Patton and Mr. Slaughter were frustrated with his work product and untimeliness. Keller

---

[4] During his deposition Keller stated that he did not have any evidence that Patton or Slaughter bore any race-based animus toward him. It was only after Keller filed a charge with the EEOC and a complaint in the Southern District of Texas that he contended Slaughter called him a "slow Mexican worker" and "poison." This court does not allow a party to manufacture an issue of fact in an affidavit that conflicts with prior deposition testimony without a satisfactory explanation. *See Doe ex rel. Doe v. Dallas Independent School Dist.*, 220 F.3d 380, 286 (5th Cir. 2000) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting . . . [an] affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."). Notably, Keller has offered no explanation for why his testimony has changed. Therefore, the district court did not abuse its discretion in excluding Keller's later statement. Having determined that the evidence the College submitted with their motion for summary judgment is admissible, and Keller's sham affidavit is not, we are left with Keller's subjective belief that he was terminated on the basis of his age and race.

argues that Espinoza's affidavit is "conclusory," and that "no jury would accept this . . . testimony." However, the burden on the defendant at this stage is one of production, not persuasion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 257 (1980) ("[An] employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."). For these reasons, we find that the college has carried its burden to articulate a legitimate, nondiscriminatory reason for discharging Keller.

In response, Keller puts forth several arguments to prove that the reasons proffered by the College for his termination are mere pretext. The arguments include: (1) Dr. Espinoza did not conduct an individual investigation into Keller's behavior or past employment history; (2) the "cat's paw" theory of discrimination should be imputed to Dr. Espinoza; (3) the College's failure to follow an alleged progressive discipline policy proves pretext; and (4) Keller was treated unfairly when he was the only one blamed for the poor workmanship and delay of the renovation project. To show pretext by a preponderance of the evidence, this court requires a plaintiff to present evidence supporting an inference that the employer acted in bad faith or was motivated by discriminatory animus when terminating an employee. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002).

First, Keller's contentions that Dr. Espinoza was required to engage in an independent investigation and review his previous employment evaluations when making an employment decision are not evidence of pretext because inaction does not show bad faith or discriminatory animus. *See Sandstad*, 309 F.3d at 899 (holding that a defendant is "entitled to be unreasonable so long as it does not act with discriminatory animus" and that "[m]erely disputing [the defendant's] assessment of his performance will not create an issue of fact.").

Second, Keller's "cat's paw" analysis fails because he did not submit evidence sufficient to establish the two required conditions: "(1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker 'possessed leverage, or exerted influence, over the titular decisionmaker.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004) (citations omitted). Third, although this court has held that an employer's failure to follow its own progressive discipline policy can be evidence of pretext, Keller has failed to put forth any evidence establishing that the College used such a policy.[5] *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 354 (5th Cir. 2005).

Finally, Keller has not shown that similarly situated employees, outside of his protected class were treated differently. Several of the employees Keller compares himself to had different job titles and responsibilities. *See Sandstad*, 309 F.3d at 901 (noting that to establish pretext, a court must "compare the treatment of other employees whose conduct is 'nearly identical' to the plaintiff's conduct and who were treated more favorably than the plaintiff" (citation omitted)). In addition, the remaining employees that worked on the day care center are not proper comparators because they are Hispanic. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) (noting "[w]e have held 'that in order for a plaintiff to show disparate treatment, she must demonstrate that the misconduct for which she was discharged was nearly identical to that engaged in by a[n] employee [not within her protected class] whom [the company] retained.'" (alternations in original) (citation omitted)).

---

[5] Dr. Espinoza initially referred to a "progressive discipline policy" in her deposition testimony; however, she described a policy that does not equate to Keller's characterization of the same policy as one that involves "counseling sessions followed by an oral or verbal reprimand, a written reprimand, a suspension and/or probation, and then termination." Appellant's Brief at 43 (citing *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 281 (Tex. App. 2002) (noting the general characteristics of a progressive discipline policy)).

No. 15-40710

In conclusion, Keller cannot establish pretext on any of the theories that he puts forth, and thus, his race discrimination claim fails.

## CONCLUSION

For the foregoing reasons, the decision of the district court granting summary judgment is AFFIRMED.