# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

TRACEY L. JOHNSON; DAVID JAMES, JR.,

Plaintiffs - Appellants

v.

CITY OF SHELBY, MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CV-36

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

After their employment was terminated, former police officers Tracey L. Johnson and David James, Jr. filed suit against the City of Shelby, Mississippi, alleging the City had terminated them in violation of their substantive and procedural due process rights, and former individual defendant Harold Billings

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60511

had maliciously interfered with their employment under state law.[1]  The district court granted the City of Shelby summary judgment because Johnson and James were at-will employees with no property interest in continued employment.  For the reasons discussed below, we AFFIRM.

## I.     BACKGROUND

On September 1, 2009, the City of Shelby's Board of Aldermen voted to terminate Johnson and James, allegedly based on "citizen complaints about the officers profiling, targeting, and harassing people."  Johnson and James claim that they were terminated because they refused to ignore the alleged illegal activities of City Alderman Billings.  As police officers, Johnson and James were employees of the City of Shelby.

Employees of the City of Shelby, including police officers, are covered by the City of Shelby Employee Information Handbook (the "Employee Handbook"), a revised version of which was adopted by the City in 2003.  In pertinent part, this handbook states: "There is no contract of employment between the City and any one or all of its employees.  Employment security cannot be guaranteed for or by any employee," and, "The right of the employee or the City to terminate the employment relationship **'At Will'** is recognized and affirmed as a condition of employment. **'At Will'** means that an employee's employment can be terminated at any time with or without notice."  The City of Shelby Police Department supplemented the handbook with its own Standard Operating Procedures, which gave police officers firmer guidance on what conduct was unacceptable and possible disciplinary steps the department could take.  Prior to the City of Shelby Board Meeting in which Johnson and James were terminated, the police department used a set of Standard

---

[1] In a prior motion for summary judgment and subsequent appeal, the state law claim was finally decided and therefore is not at issue in this appeal.

No. 15-60511

Operating Procedures that were adopted in 2008 ("2008 SOP"). In April of 2009, the chief of police told James that under the 2008 SOP, an officer could not be terminated without the chief's recommendation. In the same meeting that the aldermen voted to terminate Johnson and James, the aldermen voted to rescind the 2008 SOP and to reinstate the Standard Operating Procedures from 2006 ("2006 SOP"). In March 2010, Johnson and James filed suit against the City of Shelby and City Alderman Billings alleging that the City violated their due process rights and that Billings maliciously interfered with their employment.

After discovery was completed, the City of Shelby moved for summary judgment. The district court granted this initial motion for summary judgment because the constitutional claim had not been brought under 42 U.S.C. § 1983 and the state law claim did not comply with Mississippi's procedural requirements. Johnson and James appealed. A panel of this court affirmed the dismissal of the state law claim for procedural reasons and the constitutional claim for failing to invoke § 1983. *Johnson v. City of Shelby,* 743 F.3d 59 (5th Cir. 2013). The United States Supreme Court granted certiorari and reversed, but only as to the dismissal of the constitutional claim, holding that Johnson and James did not need to specifically invoke § 1983 to state a successful claim. *Johnson v. City of Shelby,* 135 S. Ct. 346, 347 (2014). After being remanded to the district court, the City of Shelby renewed its motion for summary judgment.

The district court again granted summary judgment, holding that Johnson and James did not have a protected property interest in their employment because they were at-will employees under Mississippi law and as described in the City's employee handbook. *Johnson v. City of Shelby,* No. 2:10-CV-00036-MPM, 2015 WL 3966238, at *4 (N.D. Miss. June 30, 2015). Johnson and James timely appealed.

3

No. 15-60511

## II.   STANDARD OF REVIEW

In general, "[t]his court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).  Therefore, we "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Id.*  If the trial court's evidentiary rulings are also at issue, "we review those rulings for abuse of discretion," while still applying de novo review to the grant of summary judgment.  *Keller v. Coastal Bend Coll.*, No. 15-40710, 2015 WL 6445751, at *2 (5th Cir. Oct. 26, 2015).

## III.   DISCUSSION

The central issue in this case is whether Johnson and James had a property interest in continued employment that would allow them to bring a Fourteenth Amendment claim.  Johnson and James raise four main arguments on appeal: (1) the district court erroneously relied on the employee handbook because it was unauthenticated; (2) the district court should have found that either the 2008 SOP or 2006 SOP created a property interest in continued employment; (3) the district court should have found that the verbal statements made  by the police chief created a property interest; and (4) the district court should have held that Mississippi state law created a property interest.

### A.   The City of Shelby Employee Handbook

Johnson and James first argue that the district court erred in relying on the employee handbook because it was not authenticated.  In a motion for summary judgment, the court may only consider evidence that is presented to it and admissible. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing Fed. R. Civ. P. 56(c)(2)).  We review the district court's admissibility rulings for abuse of discretion.  *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).  For evidence to be

4

admissible, it must be authenticated.  Fed. R. Evid. 104(b), 901.  An employee handbook issued by a city government can be self-authenticating as a publication "issued by a public authority."  Fed. R. Evid. 902(5); *see Smith v. Halliburton Co.*, No. H-06-0462, 2006 WL 1342823, at \*2 (S.D. Tex. May 16, 2006) (holding that regulations and instructions published by the U.S. Department of Defense were self-authenticating under Rule 902(5)); *see also Kuba v. Sea World, Inc.*, 428 F. App'x 728, 732 (9th Cir. 2011) (holding that excerpts and hyperlinks from a municipal website were self-authenticating under Rule 902(5)).  The City of Shelby attached a copy of the employee handbook—which was clearly labelled "City of Shelby Employee Information Handbook" with a 2003 revision date—to its motion for summary judgment.[2] And the district court implicitly found the handbook authenticated and admissible because it relied on the document in granting summary judgment. Johnson and James have presented no evidence that undermines the authenticity of the handbook.  Therefore, the district court did not abuse its discretion in admitting and relying on the handbook.

## B.    The 2006 SOP and 2008 SOP

Next, Johnson and James claim that either the 2006 SOP or 2008 SOP created a property interest in continued employment.  While the parties dispute which SOP is controlling, we need not reach this issue because neither SOP created a property interest when read in conjunction with the employee handbook.

To have a valid Fourteenth Amendment claim for deprivation of property in violation of substantive or procedural due process, a plaintiff must have a protected property interest.  *Perry v. Sindermann*, 408 U.S. 593, 599 (1972).

---

[2] The document was listed in the defendant's initial motion for summary judgment, and this motion was incorporated into the defendant's renewed motion for summary judgment in March 2015.

No. 15-60511

An employee can have a property interest in continued employment if it is "created directly by state statute or by a written contract, or by a 'mutually explicit understanding' enforceable under state law as an implied contract." *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989). Under Mississippi law, an employee is considered an at-will employee unless an express or implied contract, state law, or local ordinance indicates otherwise. *Levens v. Campbell*, 733 So. 2d 753, 763 (Miss. 1999). An employer who does not explicitly characterize the employment relationship as "at will" can create a property interest in continued employment if it creates a detailed manual outlining a binding infraction and disciplinary scheme. *Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356, 361 (Miss. 1992). However, if an employer's handbook simply lists employee expectations and possible grounds for termination, it does not override the presumption of at-will employment. *See McCrory v. Wal Mart Stores, Inc.*, 755 So. 2d 1141, 1145 (Miss. Ct. App. 1999) (citing *Hartle v. Packard Elec.*, 626 So. 2d 106, 110 (Miss. 1993)). The employer's policies must be detailed enough that the employer is bound to the procedures set out in them. *Bobbitt*, 603 So. 2d at 361. Further, if the employer has explicitly characterized an employment relationship as at will, an employee handbook outlining disciplinary procedures does not modify the relationship. *Hartle*, 626 So. 2d at 110.

The Mississippi Supreme Court found that the employer in *Bobbitt v. Orchard, Ltd.*, who did not include a disclaimer preserving its right to terminate at will, created a property right when it issued a manual that listed specific infractions, grouped those infractions by severity level, and then created a detailed disciplinary system based on the level of infraction. *Bobbitt*, 603 So. 2d at 359-61. Accordingly, a former employee could sue when she had been fired for an offense that, according to the manual, should have resulted in counseling and formal written warnings. *Id.* at 360-61.

6

No. 15-60511

By contrast, in *Hartle v. Packard Electric* the Mississippi Supreme Court found that the employee handbooks at issue there were not specific enough to alter the at-will status of the plaintiff.  626 So. 2d at 109-10.  The handbooks explained "the conditions of employment, policies, practices, responsibilities, rules of conduct and benefits for employees," as well as a list of reasons for which an employee could be discharged.  *Id.* at 109.  The court held that even though "certain acts were identified as conduct that might lead to discharge[, this] did not indicate that those acts were the exclusive permissible grounds for discharge."  *Id.* at 110 (citing *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)).  The employee's status as "at will" was further reinforced by specific disclaimers in the employee handbooks.  *Id.* at 109.  *See also McCrory*, 755 So. 2d at 1145 ("[Through] the mere act of listing . . . certain conduct that might warrant immediate discharge, Wal-Mart did not create a reasonable contractually-based expectation in its employees that any offense not so listed would require Wal-Mart to engage in the 'Coaching for Improvement' process.").

The 2006 SOP lists expectations for Shelby police officers, as well as possible disciplinary actions and processes.  However, it cautions that the manual's policies and procedures are subject to change and that not all possible disciplinary actions are included.  Unlike the employer's manual in *Bobbitt*, which had detailed disciplinary procedures based on the severity of the offense, the 2006 SOP lists possible infractions without indicating their severity and explains only one general disciplinary procedure.  *See* 603 So. 2d at 357.  The City of Shelby did not create an expectation of continued employment merely by listing actions that are grounds for discipline.  *See Hartle,* 626 So. 2d at 110; *McCrory*, 755 So. 2d at 1145.  Further, just as the Mississippi Supreme Court held in *Hartle* that listing dischargeable infractions does not override an employer's disclaimer that the employment is at-will, we cannot find that

7

listing infractions in the 2006 SOP overrode the City's disclaimers in the employee handbook.   *See* 626 So. 2d at 109-10.

The 2008 SOP also lists possible infractions and possible disciplinary measures, but it uses even more permissive language than the 2006 SOP.  For example, it states, "Discharge from the department may be imposed for a first offense and may be imposed at any point in a progressive chain"; "The department has the sole right to determine the disciplinary process applicable"; and "An officer or civilian employee may be disciplined or terminated for a number of reasons including, but not limited to. . . ."  This permissive language, unlike the manual in *Bobbitt,* does not indicate that the City of Shelby was bound by the procedures set forth in the SOP.  603 So. 2d at 357.   Therefore, the City of Shelby did not alter its disclaimers in the employee handbook by listing possible infractions and disciplinary procedures in the 2008 SOP.  *See Hartle,* 626 So. 2d at 110; *McCrory*, 755 So. 2d at 1145.  Accordingly, because neither the 2006 SOP nor the 2008 SOP created an expectation of continued employment in contradiction to the employee handbook, Johnson and James were at-will employees and had no property interest in continued employment.

### C.    Verbal Statements Made by the Chief of Police

Third, the appellants argue that statements made by the police chief to James created a property interest by showing an explicit mutual understanding that Johnson and James could not be fired at will.  However, a "mutually explicit understanding" between an employer and employee creates a property interest in continued employment only when that understanding is "enforceable under state law as an implied contract."  *Johnson*, 878 F.2d at 858.  Johnson and James do not argue that these statements created an understanding that was enforceable under Mississippi law.  In fact, Johnson and James argue that enforceability under state law is irrelevant.  Therefore,

the appellants forfeited the argument that the police chief's statements created an enforceable understanding and property interest.

### D.　Mississippi Law

Finally, Johnson and James argue that they have a property interest because under Mississippi state law, police officers are required to enforce the law and cannot be discharged for refusal to participate in illegal activities. In *McArn v. Allied Bruce Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993), the Mississippi Supreme Court established a narrow common law exception to the employment at-will doctrine, such that "an employee who refuses to participate in an illegal act [is] not . . . barred by the common law rule of employment at will from bringing an action in tort for damages against his employer." While the common law exception allows the employee to bring a state tort action, it does not give the employee a property interest. *See Stark v. Univ. of S. Miss.*, 8 F. Supp. 3d 825, 840 (S.D. Miss. 2014) ("[T]he Court is unaware of, and the Plaintiff fails to cite any authority holding that *McArn* establishes a *contractual* right to continued employment and a resulting property interest that is protected under the Due Process Clause."); *Papagolos v. Lafayette Cnty. Sch. Dist.*, 972 F. Supp. 2d 912, 929, 931 (N.D. Miss. 2013) (analyzing a *McArn* claim only as a state law tort claim, and not mentioning it as a basis for a property interest protected by the Constitution); *Stephen v. Winston Cnty.*, No. 1:07CV118-SA-JAD, 2008 WL 4813829, at *5-7 (N.D. Miss. Nov. 4, 2008) (same); *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 985-86 (Miss. 2004) (same). Therefore, although the *McArn* doctrine may have allowed Johnson and James to bring a state tort action, it did not give them a constitutionally-protected property interest in their employment.

Johnson and James also argue that the definition of a police officer under Mississippi Code § 45-6-3(c) gives them a property interest. Section 45-6-3(c) merely defines a law enforcement officer as "any person appointed or employed

full time by the state or any political subdivision thereof, . . . whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws . . . ." This definition does not give police officers any continued expectation of employment as long as they enforce the law. Rather, it defines who is a police officer. Section 45-6-3(c) does not create a property interest.

Because Johnson and James were at-will employees with no property interest in continued employment, their Fourteenth Amendment claim for deprivation of property without due process fails as a matter of law.

## IV.    CONCLUSION

For the above-mentioned reasons, the judgment of the district court is AFFIRMED.