# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60299
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2025

Lyle W. Cayce
Clerk

Cossandra Thomas,

*Plaintiff—Appellant*,

*versus*

City of Jackson; Chief James Davis, *Individually and in his professional capacity*; Jackson Police Department,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-545

———————————————————————

Before Duncan, Jones, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In May 2018, Cossandra Thomas, a police officer for the City of Jackson Police Department (JPD) and member of its SWAT Team, admitted to breaking windows at the home of her romantic partner and fellow JPD officer, Torrence Mayfield. Mayfield ultimately dropped the resulting

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60299

malicious mischief charge, but as a result of the incident Thomas voluntarily resigned from SWAT and resumed duties as a regular JPD officer.

In 2020, Thomas auditioned to rejoin SWAT but was rejected at the direction of JPD Chief James Davis in light of the 2018 incident. Two other male applicants, auditioning alongside her, were also rejected. Thomas resigned from JPD and sued the City and Chief Davis. She alleged that the City was liable for sex discrimination under Title VII as well as *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), and that Chief Davis was liable under 42 U.S.C. § 1983 for violating the Equal Protection Clause.[1] The City and Davis moved for summary judgment on each of Thomas's claims, and the district court granted their motions.

First, the district court found Thomas failed to establish a *prima facie* sex discrimination claim under Title VII because she did not show any similarly situated comparators.[2] Her equal protection claim failed for similar reasons. *Ibid.* Second, the court found Thomas failed to establish a *Monell* claim because she produced no evidence of a policy that led to the alleged discrimination.

Thomas appeals.

A district court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact. FED. R. CIV. P. 56(a).

---

[1] Thomas also brought a Title VII retaliation claim that the district court found she abandoned. She has not adequately briefed that issue on appeal, so we will not address it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[2] The court also ruled that, even if Thomas established a *prima facie* case, her claim failed under the *McDonnell Douglas* burden-shifting analysis. Given our disposition, we need not address that issue.

No. 25-60299

We review the ruling *de novo. Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).

On appeal, Thomas advances two main arguments. First, contrary to the district court's ruling, she argues a genuine dispute of material fact exists as to whether she made out a *prima facie* sex discrimination claim. Second, she argues the district court erred in holding she failed to show a policy that led to discrimination under *Monell*.[3] We disagree on both points.

First, the district court properly ruled that Thomas did not establish a *prima facie* sex discrimination claim under Title VII. To make out such a case with circumstantial evidence, as Thomas does, a plaintiff must show, *inter alia*, that "others similarly situated but outside the protected class were treated more favorably." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. 2022); *see also Shahrashoob v. Tex. A&M Univ.*, 125 F.4th 641, 651 (5th Cir. 2025) (requiring evidence of "another person who was (1) outside of [plaintiff's] protected class; (2) similarly situated to [plaintiff]; and (3) treated better than [plaintiff]"). Thomas failed to make this showing, as the district court correctly found.

As proof of a similarly situated comparator, Thomas points to Arron Allen, a male who, Thomas claims, had a criminal history but was allowed to remain on SWAT. But, as the district court found, this claim was conclusory. *See Shahrashoob*, 125 F.4th at 652. Thomas failed to produce evidence showing that Allen was ever a member of SWAT or that he was ever accused of or charged with a crime. And even assuming Thomas had done so, the alleged incident concerning Allen occurred years before Thomas's under

---

[3] To the extent Thomas raises other complaints against the district court's decision, those arguments are neither legally coherent nor supported by citations to the record and supporting law. Accordingly, we do not address them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

No. 25-60299

different JPD leadership, which automatically renders Allen not similarly situated. *See Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 484 (5th Cir. 2023) (employees with different supervisors are not similarly situated).[4]

Second, turning to the *Monell* claim, the district court properly found that Thomas presented no evidence of a policy or custom that led to the violation of her equal protection rights. *See Pineda v. City of Hou.*, 291 F.3d 325, 328 (5th Cir. 2002). She argues that the City had an anti-discrimination policy, but the district court correctly observes that Thomas failed to show how this policy led to discrimination.

AFFIRMED.

---

[4] For similar reasons, the district court was also correct that Thomas's equal protection claim fails. Like the Title VII claim, her equal protection claim requires her to present direct evidence of discrimination or establish a case of *prima facie* discrimination. *Giles v. Shaw Sch. Dist.*, 655 F. App'x 998, 1002 (5th Cir. 2016). Thomas has done neither.